# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENZANTA VANZANT, #A62585,    )
    )
        Plaintiff,    )
    )
vs.    )        Case No. 18−cv–02119−SMY
    )
C/O BERGER,    )
SGT. JOHNSON,    )
JANE DOE and    )
DR. SANTOS,    )
    )
        Defendants.    )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benzanta Vanzant, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983[1] for constitutional deprivations that allegedly occurred at Big Muddy and Centralia Correctional Centers in 2018. (Docs. 1, 1-1 and 1-2). Plaintiff claims that officials at these facilities denied him medical care for emergency and chronic health conditions, in violation of the First, Eighth, and Fourteenth Amendments and Illinois state law. (*Id.*). He seeks declaratory judgment and money damages. (Doc. 1, pp. 34-35).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-

---

[1] Plaintiff checked the boxes on the standard civil rights complaint form designating this action as one brought pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The Court found no other reference to the FTCA in the Complaint. Further, Plaintiff did not name the proper defendant for an FTCA claim (*i.e.*, United States) or complain about the tortious conduct of federal officials. Because the Complaint focuses exclusively on the misconduct of state officials, the Court construes the Complaint as one brought pursuant to 42 U.S.C. § 1983 only.

meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined in this action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## Severance

Plaintiff's claims are improperly joined in a single action and will be severed into separate cases before any claims are screened pursuant to Section 1915A. The 158-page Complaint describes events at two prisons – Big Muddy and Centralia. (Docs. 1, 1-1 and 1-2). He generally asserts that he was denied medical treatment for a medical emergency at Big Muddy and denied medical care for four chronic medical conditions at Centralia. His claims focus on different groups of defendants and arise from separate transactions or occurrences. (*Id*.).

The first half of Plaintiff's Complaint describes a medical emergency that occurred at Big Muddy on February 22, 2018. (Doc. 1, pp. 6-21; Doc. 1-1). Specifically, Plaintiff alleges that around 4:00 a.m. on that date, he began experiencing a hammer-like pounding sensation in his head that occurred every five or ten seconds. At the same time, he suffered from vision loss and could not stand. Plaintiff asked prison officials to transport him to the health care unit (HCU) for emergency treatment. They denied his requests for a wheelchair and emergency medical care while taunting him and threatening him with physical force. (*Id*.). Plaintiff was taken to the HCU on a previously-scheduled sick call pass several hours later. By then, his blood pressure was dangerously high. (Doc. 1, pp. 6-21; Doc. 1-1). He was diagnosed with the flu and admitted to

the HCU. He was placed in quarantine under observation until March 1, 2018. Plaintiff names

the following defendants in connection with these events: Officer Berger, Sergeant Johnson and

Nurse Jane Doe. (*Id.*).

The second half of Plaintiff's Complaint asserts claims that arose at Centralia after he

transferred there on March 7, 2018. (Doc. 1, pp. 21-32; Doc. 1-2). He complains about the denial

of medical care for four chronic medical conditions[2] (*e.g.*, medical permits,[3] prescription refills

and referrals). He also describes miscellaneous claims against non-parties for charging him

excessive copayments, interfering with his legal mail, and ignoring his emergency grievances

among other things. Doctor Santos is named in connection with these claims. (*Id.*).

Plaintiff's claims fall into two distinct groups: (1) claims arising at Big Muddy from

February 22, 2018 through March 1, 2018 ("Big Muddy claims"); and (2) claims arising at

Centralia after March 7, 2018 ("Centralia claims"). The two sets of claims involve different

defendants, arise from separate transactions or occurrences, share no common questions of fact

and raise different legal theories. As such, they cannot proceed together in the same suit. *See* FED.

R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151

(7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Court has broad discretion under Federal Rule of Civil Procedure 21 when deciding

whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*,

635 F.3d 950, 952 (7th Cir. 2011). In this case, the Court will exercise its discretion and sever the

Centralia claims against Doctor Santos into a separate action with a newly-assigned case number.

---

[2] Plaintiff does not specifically identify his four chronic medical conditions, although he mentions high blood pressure, chronic anemia, acid reflux, gastric ulcers, and internal bleeding. (Doc. 1, pp. 21-32).
[3] He was initially denied a permit for his vibrating watch and low bunk. (Doc. 1, p. 22).

The Centralia claims will be screened pursuant to Section 1915A in the severed case. The Big Muddy claims will remain in this action and will be screened in a separate order.

## Disposition

**IT IS HEREBY ORDERED** that all **CENTRALIA CLAIMS** against Defendant **DR. SANTOS** (*see* Doc. 1, pp. 21-32; Doc. 1-2) are **SEVERED** into a new case, which shall be captioned: **BENZANTA VANZANT, Plaintiff vs. DR. SANTOS, Defendant**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) Motion for Recruitment of Counsel (Doc. 3);
4) Motion for Service of Process at Government Expense (Doc. 4); and
5) This Memorandum and Order Severing Case.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant **DR. SANTOS** as a party in CM/ECF.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action** are all **BIG MUDDY CLAIMS** against Defendants **C/O BERGER, SERGEANT JOHNSON** and **JANE DOE** (*see* Doc. 1, pp. 6-21; Doc. 1-1). The Clerk of Court is **DIRECTED** to caption this case: **BENZANTA VANZANT, Plaintiff vs. C/O BERGER, SERGEANT JOHNSON** and **JANE DOE, Defendants.**

No service will be ordered on the defendants in either case until the Section 1915A review is completed.

**IT IS SO ORDERED.**

**DATED: 2/4/2019**

s/ STACI M. YANDLE
**U.S. District Judge**
