# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENZANTA VANZANT, #A62585, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02119-SMY |
| | ) |
| C/O BERGER, | ) |
| SGT. JOHNSON | ) |
| and JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benzanta Vanzant filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Big Muddy and Centralia Correctional Centers in 2018. (Doc. 1). On February 4, 2019, the Court severed the Centralia claims into a separate case. (Doc. 8). This case involves Plaintiff's claims against Big Muddy officials who allegedly denied him emergency medical treatment for the flu on February 22, 2018. (Doc. 1, pp. 6-21; Doc. 1-1). Specifically, Plaintiff alleges that Officer Berger, Sergeant Johnson and Nurse Jane Doe responded to his pleas for help with inaction, threats and/or intimidation, in violation of his rights under the First, Eighth and Fourteenth Amendments and Illinois law. Plaintiff seeks declaratory and monetary relief against them. (*Id*.).

The Big Muddy claims are now subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to promptly screen prisoner Complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. At this

1

juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff suffered from intense head pain, chest pain, body aches, shortness of breath and vision loss in the early morning hours of February 22, 2018. (*See* Doc. 1, pp. 6-21; Doc. 1-1). He describes the pounding pain in his head as persistent and debilitating. He could not stand or walk. When Officer Berger made rounds at 4:15 a.m., Plaintiff reported his symptoms and requested emergency transport via wheelchair to Big Muddy's health care unit ("HCU"). Officer Berger contacted the HCU and learned that Plaintiff was already diagnosed with the flu and scheduled for sick call the same morning. Berger told Plaintiff that he could walk to the HCU at 6:30 a.m. (*Id*.).

When the time came for Plaintiff to walk to the HCU, he was still in too much pain to stand or walk. (*Id*. at p. 12). He did not respond when a control room officer repeatedly released the lock on his door. Officer Berger eventually appeared at Plaintiff's cell but refused to assist him. Sergeant Johnson entered the cell, leaned over the bed, and loudly ordered Plaintiff to get up and walk to the HCU. Plaintiff slowly dressed himself and walked to a wheelchair that was parked outside of his cell door. (*Id*. at pp. 13-14). Three officers stood nearby in a "military defensive attack stance." (*Id*. at p. 16). Nurse Jane Doe waited for Plaintiff to sit in the wheelchair before pushing him to the HCU. (*Id*. at p. 17). Sergeant Johnson instructed the nurse to write Plaintiff a disciplinary ticket, if she determined that Plaintiff had no medical emergency.

After discovering that Plaintiff's blood pressure was dangerously high,[1] Nurse Doe informed Sergeant Johnson that his condition was indeed serious. (*Id*. at pp. 19-20). She placed

---

[1] Plaintiff states that his blood pressure was 197/97, but Nurse Jane Doe reported the blood pressure reading incorrectly in his medical records. (*Id*. at pp. 19-20).

2

Plaintiff under observation in quarantine until March 1, 2018. No incident report was prepared. Plaintiff's request for grievance forms at Big Muddy was denied.[2] (*Id.* at p. 21). He transferred to Centralia on March 7, 2018. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into the following enumerated Counts:

> **Count 1:** Eighth Amendment[3] deliberate indifference claim against Defendants for denying or delaying Plaintiff's request for emergency medical treatment and resorting to threats and intimidation tactics to get him into a wheelchair at Big Muddy on February 22, 2018.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff access to his prescription medication after he transferred from Big Muddy to Centralia on March 7, 2018.
>
> **Count 3:** Americans with Disabilities Act ("ADA") claim against Defendants for neglecting to ask Plaintiff if he was an individual with a disability and in need of a special accommodation on February 22, 2018.
>
> **Count 4:** First Amendment retaliation claim against Defendants.
>
> **Count 5:** Conspiracy claim against Defendants for working together to deprive Plaintiff of his constitutional rights on February 22, 2018.
>
> **Count 6:** Fourteenth Amendment equal protection claim against Defendants for discriminating against Plaintiff based on his race when he requested emergency medical care on February 22, 2018.
>
> **Count 7:** Illinois state law claims against Defendants for "mental" assault and battery, torture, negligence, intimidation, and retaliation.

---

[2] C/O Mezo allegedly denied Plaintiff grievance forms. This individual is not named as a defendant in the case caption. Therefore, any claims against C/O Mezo are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

[3] Plaintiff brings this claim for the denial of medical care and harassment under the Eighth, Fourth, and Fourteenth Amendments. The Eighth Amendment prohibits the cruel and unusual punishment of incarcerated persons and provides the most explicit source of constitutional protection for Plaintiff. For this reason, the Court will analyze the claim under the Eighth Amendment, instead of the Fourth Amendment (which prohibits unreasonable searches and seizures not suggested by the allegations) or Fourteenth Amendment (which makes the Fourth and Eighth Amendment protections generally applicable to the States). *Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) (analyzing claim under most "explicit source[s] of constitutional protection.").

**Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

## Discussion

### Count 1

The Eighth Amendment prohibits cruel and unusual punishment by prison officials against inmates. U.S. CONST. amend. VIII. The denial of medical care may support a claim under the Eighth Amendment where a plaintiff demonstrates that: (1) he suffered from a serious medical condition (objective element); and (2) the defendants acted with deliberate indifference to the substantial risk of harm to his health (subjective element). *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). An Eighth Amendment claim, however, is not implicated by "every ache and pain or medically recognized condition involving some discomfort." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 (7th Cir. 1997). And, courts have frequently found that flu-like symptoms are insufficient to trigger Eighth Amendment protection. *Ayoubi v. Dart*, 2017 WL 242614 (N.D. Ill. 2017) (collecting cases).

In addition to the flu, Plaintiff suffered from a pounding headache, vision loss, and immobility accompanied by dangerously high blood pressure. *See Miller v. Larsen*, -- F. App'x --, 2018 WL 6584907 (7th Cir. Dec. 14, 2018) (hypertension is a serious condition). Taken together, these symptoms suggest that Plaintiff's medical condition was objectively serious. Whether the defendants responded with deliberate indifference is a closer call.

Officer Berger denied Plaintiff's request for emergency treatment after speaking with medical staff and learning that Plaintiff was diagnosed with the flu and scheduled for an appointment several hours later. Generally, non-medical prison officials are justified in relying on

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the judgment of trained medical professionals. *Giles v. Godinez*, -- F.3d --, 2019 WL 349423 (7th Cir. Jan. 29, 2019) (citations omitted). However, Berger was allegedly aware of new and severe symptoms that suggested a medical emergency (*e.g.*, sudden vision loss, loss of mobility, and intense head pain). A prison official who knows that an inmate may receive inadequate medical care but "fail[s] to exercise his or her authority to intervene on [the inmate's] behalf to rectify the situation" may be liable under the Eighth Amendment. *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). Given the circumstances presented, the Court cannot dismiss Count 1 against Officer Berger at this juncture.

However, this claim does not survive screening against Nurse Jane Doe or Sergeant Johnson. Plaintiff describes only brief interactions with both defendants on February 22, 2018. Nurse Doe pushed Plaintiff in a wheelchair to the HCU, took his vital signs, and concluded that he should be quarantined for a "serious" condition after noting his dangerously high blood pressure. The nurse's alleged failure to assist Plaintiff into the wheelchair or accurately report his blood pressure could, at most, support a negligence claim. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) (An "inadvertent error, negligence, or even ordinary malpractice is insufficient" to support an Eighth Amendment claim.).

Sergeant Johnson allegedly used foul language, threats, and intimidation to persuade Plaintiff to walk from his bed to a wheelchair. While the Court certainly does not condone this conduct, the verbal harassment described in the Complaint does not rise to the level of an Eighth Amendment violation absent any other allegations regarding an associated treatment delay, the use of physical force, or psychological harm. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *But see Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015). Count 1 will therefore be dismissed without prejudice against Nurse Jane Doe and Sergeant Johnson.

## Counts 2 through 7

The remaining claims do not survive screening for many of the same reasons. Plaintiff generally relies on lists of legal claims and bald or conclusory allegations to support each claim. For example, Plaintiff brings Count 2 against Defendants Berger, Johnson and Doe for failing to provide him with prescription refills. However, this claim arose at Centralia, and none of these defendants are employed there. Plaintiff does not explain how they were responsible for a constitutional deprivation that occurred at another facility. Accordingly, Count 2 must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

In Count 3, Plaintiff attempts to assert an ADA claim. An ADA claim may arise where an inmate is a qualified individual with a disability and is denied access to a program or activity because of the disability. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Plaintiff does not describe his disability or allege that it necessitated the use of a wheelchair to access to the prison's HCU. He also names the wrong defendants in connection with this claim. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) (only proper defendant for a claim under [the ADA] is the state agency or state official acting in his or her official capacity). Accordingly, Count 3 will be dismissed as well.

Count 4 refers to a retaliation claim, but it is not clear whether Plaintiff intends to bring this claim against the Big Muddy officials or on what basis. A First Amendment claim may arise for an act taken in retaliation for the exercise of free speech or the right to seek redress. *Surita v. Hyd*, 665 F.3d 860, 874 (7th Cir. 2011). Plaintiff's allegations support no such claim as he does not identify what, if any, exercise of his First Amendment rights prompted the defendants to retaliate against him. Accordingly, Count 4 will be dismissed without prejudice for failure to state a claim.

Counts 5 and 6 are also subject to dismissal. In conclusory fashion, Plaintiff asserts that the defendants conspired to deprive him of his constitutional rights, and also alleges that the defendants may have taken adverse action against him because of his race. Both claims require some factual underpinning. In other words, Plaintiff cannot simply rely on bald or conclusory statements to support these claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554-55). Because Plaintiff relies on nothing more, Counts 5 and 6 will be dismissed without prejudice.

Finally, as to Count 7, Plaintiff includes a list of "state law claims" in the opening paragraph of his Complaint but names no defendants in connection with the claims. (Doc. 1, p. 6). This includes a negligence claim and several other claims he refers to as "mental assault and battery," "torture," "retaliation," and "intimidation." (*Id.*). To the extent they are recognized under Illinois law, Plaintiff's state law claims will also be dismissed without prejudice for failure to state a claim for relief.

## **Pending Motions**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice. When a litigant submits a request for counsel, the Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff has demonstrated reasonable efforts to locate counsel, but he has also demonstrated an ability to litigate this straightforward case on his own. The action now focuses on a single claim against one defendant. Plaintiff has coherently presented his claims in the Complaint and competently

prepared motions. He identifies no other impediments to self-representation (*i.e.*, educational, language, mental health, or medical) with sufficient detail to warrant recruitment of counsel now.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as unnecessary. The Court will order service of this suit on C/O Berger as a matter of course.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 2, 3, 4, 5, 6,** and **7** are **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendant **C/O BERGER**. However, this claim is **DISMISSED** without prejudice against Defendants **SGT. JOHNSON** and **JANE DOE**. The Clerk is **DIRECTED** to **TERMINATE** Defendants **JOHNSON** and **DOE** as parties in CM/ECF.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **C/O BERGER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, Complaint (Doc. 1), Order Severing Case (Doc. 8), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of

the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted.  28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED:  3/23/2019**

s/ STACI M. YANDLE
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**