IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENZANTA VANZANT, #A62585, )
)
          Plaintiff, )
)
vs. ) Case No. 18−cv–02119−SMY
)
C/O BERGER and )
SERGEANT JOHNSON, )
)
          Defendants. )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

    Plaintiff Benzanta Vanzant, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his rights at Big Muddy River Correctional Center ("Big Muddy") and Centralia Correctional Center ("Centralia"). The Court severed Plaintiff's claims arising at Centralia into a separate suit. (Doc. 8). This case involves Plaintiff's Big Muddy claims. (*Id.*).

    In his Complaint, Plaintiff asserted seven separate claims against three Big Muddy defendants for violations of his rights under the First, Eighth, and Fourteenth Amendments and Illinois state law. (*See* Doc. 15). Following the Court's screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single Eighth Amendment medical deliberate indifference claim against Defendant Berger (Count 1). (*Id.*). All other claims (Counts 2-7) were dismissed without prejudice. (*Id.*).

1

Plaintiff filed a Motion for Leave to File an Amended Complaint and a proposed First Amended Complaint on April 23, 2019.[1] (Doc. 21). As Plaintiff may amend the Complaint under Rule 15 of the Federal Rules of Civil Procedure, the Motion (Doc. 21) will be granted, and the Clerk will be directed to file the First Amended Complaint in CM/ECF. It is now subject to review pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The allegations in the First Amended Complaint are substantially the same as those already summarized in the Court's initial Screening Order (Doc. 15) and will not be recounted here. However, the Court will identify and discuss any new allegations Plaintiff relies on to support his federal and state law claims against Sergeant Johnson and Officer Berger.

---

[1] The Court gave Plaintiff the benefit of the prison mailbox rule, which provides that "a *pro se* prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). Plaintiff signed his motion on April 23, 2019. (Doc. 21, p. 2). This was less than 21 days after Defendant Berger electronically filed the waiver of service of summons on April 3, 2019 (Doc. 19) and before Defendant Berger answered or otherwise responded to the Complaint. Rule 15(a)(1) of the Federal Rules of Civil Procedure governs this scenario and authorizes amendment once "as a matter of course." Even if he filed the amendment outside of this window, however, Plaintiff would still be granted leave to amend under Rule 15(a)(2) because the case is still in its infancy and amendment does not prejudice the parties. *See* FED. R. CIV. P. 15(a)(2) (authorizing district court to grant leave to amend "when justice so requires").

Upon review of the First Amended Complaint, the Court finds that Plaintiff has re-pleaded the following claims:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for denying or delaying Plaintiff's request for emergency medical treatment and resorting to threats and intimidation tactics to get him into a wheelchair at Big Muddy on February 22, 2018.

**Count 3:** Americans with Disabilities Act ("ADA") claim against Defendants for neglecting to ask Plaintiff if he was an individual with a disability and in need of a special accommodation on February 22, 2018.

**Count 6:** Fourteenth Amendment equal protection claim against Defendants for discriminating against Plaintiff based on his race when he requested emergency medical care on February 22, 2018.

**Count 7:** Illinois state law claims against Defendants for emotional distress, assault, aggravated assault, battery, intimidation, negligence, gross negligence, and hate crimes under 720 ILCS §§ 5/12 *et. seq.*

**Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

*Count 1*

Plaintiff reasserts a claim against Officer Berger and re-pleads a claim against Sergeant Johnson for delaying his emergency treatment on February 22, 2018. An Eighth Amendment claim based on the delay or denial of medical care requires a plaintiff to show that: (1) he suffered from a serious medical condition (objective element); and (2) the defendants acted with deliberate indifference to a substantial risk of harm to his health (subjective element). *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Plaintiff's allegations of flu-like symptoms, a pounding headache, vision loss, immobility, and high blood pressure satisfy the objective element of this claim, and Officer Berger's and Sergeant Johnson's alleged responses to Plaintiff's medical

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

complaints support a deliberate indifference claim against them. Therefore, Count 1 will receive further review.

*Count 3*

Plaintiff's ADA claim still does not survive screening. Plaintiff alleges that he is a qualified individual with a disability because of right-ear hearing loss. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Even assuming (without deciding) that he is, the allegations do not suggest that Plaintiff was denied access to a prison program or activity because of his hearing loss. Rather, he was allegedly delayed access to medical treatment because he could not get up and walk to a wheelchair. As such, Count 3 will be dismissed with prejudice.

*Count 6*

Plaintiff also claims he was denied prompt medical treatment because of his race or disability. A prima facie case of discrimination under the Fourteenth Amendment Equal Protection Clause requires a plaintiff to show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993)). Plaintiff's allegations do not satisfy the elements of this claim.

Plaintiff alleges that he is African-American and disabled with right-ear hearing loss. He also alleges that the defendants conditioned his access to medical care on his ability to walk to a wheelchair. But neither the alleged words nor actions of the defendants suggest any connection between his treatment and his race or disability, and Plaintiff cannot rely on bald or conclusory assertions to this effect. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554-55). Accordingly, Count 6 will be dismissed with prejudice for failure to state a claim.

*Count 7*

Plaintiff's remaining claims arise under Illinois state law. Where a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state claims share a sufficient factual connection with his federal claim. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (a loose factual connection between the federal and state claims is generally sufficient). Therefore, the Court will exercise supplemental jurisdiction over the state claims. Plaintiff asserts claims of assault, battery, intimidation, negligence, and a hate crime under the Illinois criminal code. 720 ILCS §§ 5/12 *et seq*.

As to the alleged hate crime, an inmate cannot compel a criminal prosecution. *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) *cert. denied*, 136 S. Ct. 504 (citing *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005)). In the federal system, crimes are prosecuted by the federal government and not by private complaints unless the criminal statute provides for a private right of action that is enforceable through a civil action. *Dourlain v. Comm'r of Tax. and Fin.*, 133 F. App'x 765 (7th Cir. 2005); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). The Illinois Hate Crimes Act grants a civil right of action for damages to "any person suffering injury to his person or damage to his property as a result of hate crime." 720 ILCS 5/12-7.1(c). A civil plaintiff may bring suit under this provision "[i]ndependent of any criminal prosecution" for "hate crimes," which are defined as "assault, battery, aggravated assault, misdemeanor theft, criminal trespass to residence, misdemeanor criminal damage to property, criminal trespass to real property, mob action, disorderly conduct, harassment by telephone, or harassment through electronic communications" committed "by reason of the actual or perceived race, color, creed,

religion, ancestry, gender, sexual orientation, physical or mental disability, or national origin" of the victim. 720 ILCS 5/12-7.1(a).

In the First Amended Complaint, Plaintiff attempts to state a claim for hate crimes against Sergeant Johnson for delaying his emergency medical care because of his race and/or disability. However, the allegations do not support such claim. Plaintiff does not allege or suggest a connection between his race or specific disability (right-ear hearing loss) and any decision to delay his medical care. Plaintiff alleges that Sergeant Johnson insisted he walk from his bed to a wheelchair for transport to the healthcare unit. When Plaintiff could not do so because of his presenting symptoms – not because of his right-ear hearing loss – Johnson would not take him to the health care unit and instead, responded with threats and profanity. While certainly inappropriate, there is no indication that Johnson's alleged response resulted from "actual or perceived race, color, creed, religion, ancestry, gender, sexual orientation, physical or mental disability, or national origin," as required under 720 ILCS 5/12-7.1(a). Thus, the Illinois Hate Crimes Act affords Plaintiff him no avenue to relief and his claim asserted pursuant to the Act will be dismissed with prejudice.

An assault is an "intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Jenkins v. E. St. Louis Hous. Auth.*, 863 F. Supp. 2d 785, 791-92 (S.D. Ill. 2012) (quoting *Parrish v. Donahue*, 443 N.E.2d 786, 788 (1982)). Plaintiff's allegations support an assault claim against Sergeant Johnson for using threats of force or violence against him on February 22, 2018. Plaintiff asserts no assault claim against Officer Berger.

6

A battery under Illinois state law is the "willful, unauthorized touching of the person of another or a successful attempt to commit violence on the person of another." *Id*. (quoting *Hennessy v. Commonwealth Edison Co.*, 764 F. Supp. 495, 507 (N.D. Ill. 1991)). No allegations suggest that either Johnson or Berger battered Plaintiff. The allegation that Sergeant Johnson leaned over Plaintiff is not enough. Therefore, this claim will be dismissed with prejudice.

An Illinois negligence claim for personal injuries requires the plaintiff to demonstrate the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Iseberg v. Gross*, 879 N.E.2d 278 (2007). In Illinois, there is a duty to provide inmates in Illinois with reasonable medical care. *See West v. State of Illinois*, 67 Ill. Ct. Cl. 147 (2014) (citing *Dye v. State*, 48 Ill. Ct. Cl. 452, 455 (1995)). *See also* 730 ILCS 5/3-7-2(d). Plaintiff claims that Berger and Johnson breached their duty in connection with his medical complaints and he suffered additional symptoms and prolonged pain as a result. The Court will allow this claim to proceed against both of these Defendants.

Plaintiff's allegations are insufficient to state an emotional distress claim. Plaintiff vaguely alludes to "mental pain" and "suffering" in the First Amended Complaint but offers no other allegations in support of a claim under Illinois law for negligent or intentional infliction of emotional distress. This claim will be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 21) is **GRANTED** pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to file the proposed amended complaint as the "First Amended Complaint" and **REINSTATE** Defendant **SERGEANT JOHNSON** as a party in CM/ECF.

**IT IS ORDERED** that the following claims in the First Amended Complaint survive preliminary review pursuant to 28 U.S.C. § 1915A:

- **COUNT 1** against Defendants **C/O BERGER** and **SERGEANT JOHNSON**;

- The Illinois common law assault claim in **COUNT 7** against Defendant **SERGEANT JOHNSON**;

- The Illinois common law negligence claim in **COUNT 7** against **C/O BERGER** and **SERGEANT JOHNSON**.

**IT IS ORDERED** that the emotional distress claim in **Count 7** is **DISMISSED without prejudice** against Defendants **C/O BERGER** and **SERGEANT JOHNSON**. All other claims discussed herein are **DISMISSED** with prejudice against Defendants **C/O BERGER** and **SERGEANT JOHNSON** for failure to state a claim upon which relief may be granted, including **COUNTS 3, 6,** and **7** (Illinois Criminal Code, Illinois Hate Crimes Act, assault claim against Defendant Berger, and battery claim against both Defendants).

**IT IS ORDERED** that the Clerk of Court shall prepare for newly-reinstated Defendant **SERGEANT JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants Berger and Johnson are both **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/31/2019**

s/ STACI M. YANDLE<br>
**United States District Judge**